FILED
LODGED
RECEIVED
MAIL

JUN 18 2009

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

BRUCE DANIEL MULLIGAN
**Plaintiff**

v.

DR. ~~DAVID KENNEY, INDIVIDUALLY~~
AND IN HIS OFFICIAL CAPACITY,
MS KAREN PORTIN, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY.
(Names of Defendants

No. C09-0842 RSL-MAT

**CIVIL RIGHTS COMPLAINT BY A PRISONER UNDER 42 U.S.C. § 1983**

## I. Previous Lawsuits:

A. Have you bought any other lawsuits in any federal court in the United States while a prisoner:

[ ] Yes [X] No

B. If you answer to A is yes, how many? N/A. Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff N/A

Defendants



09-CV-00842-CMP

2. Court (give name of District Court)

______________________________________________

3. Docket Number ______________________________

4. Name of judge to whom case was assigned ______________________

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim"? Was it appealed" Is it still pending?) ______________________

______________________________________________

6. Approximate date of filing lawsuit ______________________

7. Approximate date of disposition ______________________

## II. Place of Present Confinement: TWIN RIVERS UNIT/MCC-MONROE, WA XXX

A. Is there a prisoner grievance procedure available at this institution [X] Yes [ ] No

B. Have you filed any grievances concerning the facts relating to this complaint? [X] Yes [ ] No

If your answer is NO, explain why not ______________________

______________________________________________

C. Is the grievance process completed? [X] Yes [ ] No

If your answer is YES, ATTACH A COPY OF THE FINAL GRIEVANCE RESOULTION for any grievance concerning facts relating to this case.

## III. Parties to this Complaint

A. Name of Plaintiff: BRUCE DANIEL MULLIGAN Inmate No. 711208

Address: POST OFFICE BOX 888, MONROE, WA 98272

(In item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use item C for the names, positions and places of employment of any additional defendants. Attach sheets if necessary.)

B. Defendant DR. DAVID KENNEY Official position HEALTH CARE ADMINISTRATOR

Place of employment MONROE CORRECTIONAL COMPLEX
POST OFFICE BOX 777, MONROE, WA 98272.

C. Additional defendants MS KAREN PORTIN

ASSOCIATE SUPERINTENDENT
POST OFFICE BOX 777
MONROE, WA 98272

## IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates, and other person involved. Do not give any legal arguments or cite any cases or statutes. If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.).

PLEASE SEE ATTACHED PAGES

**IV. STATEMENT OF CLAIM:**

On December 16, 1993, at the Clallam Bay Corrections Center, while housed in a single cell, Plaintiff was diagnosed by Department of Corrections (DOC) consulting psychiatrist, David A. Johnston, M.D., with avoidant paruresis/shy bladder.

Doctor Johnston issued Health Status Reports (HSR's), From December 1993 until Plaintiff was transferred in 2003, authorizing Plaintiff to be treated with the shy bladder protocol for drug screen testing; which allowed Plaintiff extra time to urinate and if he was unable to void, to be excused from testing.

In 2003 Plaintiff was transferred to the Washington State Reformatory (WSR) in Monroe for medical reasons. Plaintiff was housed in a single cell.

Because of Plaintiff's paruresis in 2006 at WSR, Plaintiff's health care provider started issuing HSR's to Plaintiff allowing blood draws for random drug testing in place of urine samples because of Plaintiff's paruresis/shy bladder. During this period at WSR Plaintiff was also housed in a single cell.

According to the Department of Corrections own Policy number 420.380, revised 12/05/2007, Attachment 2, the collection of oral fluids (spit/saliva) is permitted instead of urine samples for drug screen testing, when, "Documented medical issues that may preclude urination." exist.

In early April, 2008, Plaintiff was informed that he would be transferred to a minimum security unit at Twin Rivers.

On April 10, 2008, Plaintiff sent a letter to the, then, Superintendent of the Monroe Correctional Complex, Kennth Quinn, explaining his problems with paruresis/shy bladder and asked for a single cell to be assigned to him when he arrived at the Twin Rivers Unit.

On April 14, 2008, Plaintiff was transferred to a minimum unit at Twin Rivers, a part of the Monroe Correctional Complex, in Monroe, WA, and placed in a two-man cell. Due to his avoidant paruresis/shy bladder, Plaintiff was/is unable to urinate with a cell-mate present, and is forced to hold his urine all night which is excruciatingly painful and very well could be damaging to his urinary and bladder health.

On May 6, 2008, Plaintiff sent a request to Defendant, Dr. David Kenney, Health Care Manager for the Monroe Correctional Complex, requesting a single cell for his paruresis/shy bladder, a placement which would enable Plaintiff to urinate at will. The only response from Defendant, Dr. David Kenney was "Please discuss with your provider." This response was signed by Dr. Kenney.

On March 28, 2009, Plaintiff again wrote to Defendant, Doctor David Kenney asking him to reconsider his prior position and approve a single cell for plaintiff because of his paruresis/shy bladder. Plaintiff also explained his problem with his stage III kidney disease. Defendant Kenney again wrote "Discuss with your provider" and signed it in his usual manner.

Defendant Kenney has the authority to assign a single cell for Plaintiff to aleviate his pain and suffering, but has ignored

him completely.

Plaintiff had already discussed this problem with his provider, and was told to contact Dr. Kenney. Attempting to follow protocol, Plaintiff again discussed his paruresis/shy bladder problem with his provider, Timothy Panek, Plaintiff's level I medical provider, and was again refused a single cell assignment by Timothy Panek.

On August 29, 2008, Plaintiff met with Faulder Colby, PHD, his mental health provider, and Dr. Stewart Andrews, Medical Director for the Monroe Correctional Complex, in Dr. Colby's office. At that meeting, Plaintiff again requested the authorization for a single cell due to his paruresis/shy bladder and was told by Dr. Andrews and Dr. Colby that, "Dr. Andrews and I held [hold] firm in our opinion that he [Mulligan] should not receive and HSR at our level of intervention, knowing the high likelihood it would be denied at a higher level."

This higher level would have been Defendant, Dr. David Kenney, Health Care Administrator. Defendant Kenney has/had the authority to authorize a single cell for plaintiff but has not to date done so knowing full well about Plaintiff's medical/mental situation and its consequences.

On September 13, 2008, Plaintiff wrote to Defendant, Ms Karen Portin, Associate Superintendent for the Twin Rivers Unit, asking for a single cell because of his paruresis/shy bladder.

On September 21, 2008, Plaintiff wrote to the new Superintendent, Mr. Scott Frakes, concerning his paruresis/shy bladder, and asked for a single cell based on the same criteria

of HSR's, and Dr. Colby's recommendation for a single cell.

Defendant Portin stated in her October 1, 2008 response to Plaintiff's request for a single cell that a "Single cell approval on Health Status Reports must be reserved for severe medical and mental health cases only." In other words, Defendant Portin does not consider Plaintiff's paruresis/shy bladder problem important enough or severe enough to be allowed to be assigned a single cell which, according to Dr. Colby, is the only available treatment for this condition.

On February 24, 2009, Richard Linn, contract attorney for the Monroe Correctional Complex, wrote a letter to Superintendent Scott Frakes again informing Mr. Frakes of Plaintiff's paruresis/shy bladder and the medical doctors reports concerning Plaintiff's stage III kidney disease. Mr. Linn requested a single cell for Plaintiff because of his paruresis/shy bladder problem based on the combination of paruresis and chronic renal failure as reported by Dr. Seth Thaler and Faulder Colby, PHD.

On March 10, 2009, Associate Superintendent, Defendant Karen Portin, in response to Mr. Linn's letter of February 24, 2009, to Superintendent Frakes, answered Mr. Linn's letter for the Superintendent concerning the request for a single cell for Plaintiff.

In that response, for the Superintendent, Defendant Portin stated: "After reviewing your request, I am going to forward your letter to Dr. Colby, Psychologist 4, who is qualified to provide a clinical response."

Again on April 15, 2009, Defendant Portin responded to Mr.

Richard Linn, contract attorney, in the matter of Plaintiff's paruresis/shy bladder problem. In relevant part, Defendant Portin stated in her latest letter to Mr. Linn that, "Whether or not Mr. Mulligan has, or does not have, a "shy bladder" for psychological reasons is not relevant to the medical opinion that he does not require a single cell." In the next paragraph, Defendant Portin states: "Since he [Mulligan] is happy with his current cell partner, and since there is an unequivocal medical opinion that he does not require a single cell, hopefully this matter is now satisfactorily addressed."

Faulder Colby, PHD, Plaintiff's attending mental health provider is the 'only' person who has 'unequivocally' stated for months that he recommends a single cell for Plaintiff because of his paruresis/shy bladder. Where Defendant Portin is getting her medical information is unclear.

Plaintiff's paruresis/shy bladder has absolutely nothing to do with if Plaintiff is happy with his current cell partner or not. If Plaintiff is happy with him or not, he cannot urinate with him in the close proximity of a prison cell. These last statements by Defendant Portin are nothing more than thinly veiled bureaucratic rhetoric.

Mr. Frakes and Ms Portin, being fully aware, because of Plaintiff's repeated requests, of Plaintiff's situation and medical/mental health problems, ignored the matter yet again and sent Mr. Linn's letter to Dr. Colby, who is the person in the first place that has recommended a single cell for Plaintiff because of his paruresis/shy bladder.

This evasion of the facts and circumstances show that Defendants, Dr. David Kenney and Karen Portin, are/were aware of Plaintiff's situation and that they are knowingly and deliberately ignoring and intentionally prolonging Plaintiff's pain and suffering by not authorizing a single cell for Plaintiff, which is, according to Dr. Colby, PHD, the only remedy/treatment available for Plaintiff's paruresis/shy bladder problem.

After informing MCC Health Care Administrator, Defendant, Dr. David Kenney, Defendant, Karen Portin, former Associate Superintendent, as well as the MCC Superintendent, Mr. Scott Frakes and others of the pain and suffering Plaintiff suffers nightly because he can not urinate and the damage that could occur because of his stage III kidney disease if not placed in a single cell, none of these department heads authorized a single cell for Plaintiff because of his paruresis/shy bladder.

As a scheduled and ongoing practice, on March 25, 2008, July 15, 2008, and again on October 28, 2008, and several appointments prior to these, DOC consulting Medical Doctor, Seth Thaler, re-examined Plaintiff and re-diagnosed Plaintiff with chronic renal failure related to stage III kidney disease. Stating, "Bruce Mulligan is seen in the state prison for follow up of chronic renal failure." On October 28, 2008, after one of Plaintiff's appointments with Dr. Thaler, that physician indicated in his office notes that "it is not beneficial for [Plaintiff's] renal function to hold his urine all night long." Plaintiff cannot urinate at all when there is another

person/inmate in the cell with him or in close proximity.

Also, on February 11, 2009, Doctor James E. Congdon, D.O., another of Plaintiff's medical doctors, noted in his office report, after Plaintiff's scheduled visit, that Plaintiff has Level III chronic renal dysfunction, "most likely the anemia of chronic renal dysfunction."

On November 13, 2008, after 6 months of consultations, Plaintiff's primary mental health treatment provider, Faulder Colby, PHD, issued a report confirming the diagnosis from 1993 that Plaintiff has paruresis/shy bladder. Dr. Colby stated that a single cell is warranted and recommended that a single cell be assigned to Plaintiff.

On July 11, 2008, Dr. Faulder Colby, pursuant to Plaintiff's paruresis/shy bladder, issued an HSR authorizing blood draws instead of urine samples for drug testing.

On July 17, 2008, Health Care Administrator, Defendant, Dr. David Kenney, along with Mr. Mike Walls, orderd that HSR rescinded.

After several months and many attempts asking DOC officials to aleviate his problem of paruresis, by assigning him a single cell, Plaintiff filed a level I grievance on September 9, 2008, claiming that DOC should accommodate him under the American's with Disabilities Act with a single cell for his paruresis and that he could not urinate with anyone else present and stating that Plaintiff needed a single cell.

The level I grievance was denied. On September 25, 2008, Plaintiff filed an appeal of the level I grievance to the second

level. That response indicated that Defendant, Dr. David Kenney, and Linda Curry, RN3. had reviewed his file. The level II response indicated that Plaintiff's medical file had been reviewed and the involved staff was interviewed. In the level II response it was stated by the responder, whose signature is unintelligible, that "While Health Services agrees your medical problems may be troublesome, they do not rise to the level of a disability that requires immediate accommodation." The level II appeal was denied.

On January, 8, 2009, Plaintiff filed an appeal to the third and highest level of the grievance process. On February 6, 2009, this level III grievance appeal was answered and denied. **See** (Copy of Level III grievance attached)

In the denial of the Level III grievance, DOC chief of psychiatry, Bruce Gage, MD, ignored Dr. Colby's hands-on clinical evaluation by acknowledging only that "the paruresis causes discomfort." Dr. Gage did indicate that if there are other related conditions that might bear consideration, they should be brought to the attention of DOC. This has been done with the reports from Doctors Thaler and Congdon, but no action has been taken by Dr. Gage or anyone in authority at the prison.

On January 16, 2009, G. Steven Hammond, DOC's chief medical officer, in response to a letter written to him by Plaintiff told Plaintiff that institutional health staff are in the best position to order treatment, based on their evaluations, laying the situation back onto Defendant, Dr. David Kenney, again, who did nothing.

On February 17, 2009, DOC informed Plaintiff that he had exhausted all administrative remedies on his grievance request for a single cell based on medical necessity.

Plaintiff has written several more letters to Defendant, Associate Superintendent Karen Portin, and the new Associate Superintendent, Chris Glenn. Plaintiff has asked for reconsideration of the denial of the single cell due to his paruresis/shy bladder and the more recent reports of Doctors Seth Thaler and James E. Congdon as well as Faulder Colby, PHD. Plaintiff has exhausted all available administrative remedies.

Defendants, Dr. David Kenney and Associate Superintendent Karen Portin, as indicated above, knew of the medical and mental health diagnosis of Plaintiff. Defendants are/were aware of Plaintiff's HSR's for paruresis and of Plaintiff's renal failure and have disregarded and ignored Dr. Faulder Colby's, Dr. Thaler's, and Dr. Congdon's reports and recommendations in denying Plaintiff's request for treatment by not placing him in a single cell. This is much more serious than a mere matter of differing opinions.

As a result, Plaintiff's health is deteriorating in that the renal failure is exacerbated and the necessities of life such as urinating are being denied Plaintiff.

Plaintiff is being deprived of adequate nightly sleep because of the constant pain Plaintiff must endure each night because he must hold his urine all night because he cannot urinate with a cell-mate.

It is purported that there are in excess of 100 single cells

at the Twin Rivers Unit, but that only approximately 25 per cent of these single cells are used as medical need cells.

Plaintiff claims relief under the Eighth Amendment to the United States Constitution and its cruel and unusual punishment clause and others for this action against Defendant's Dr. David Kenney and Ms Karen Portin. Plaintiff has also shown that both defendants fall well within the standard of deliberate indifference.

Defendants, Dr. David Kenney and Ms Karen Portin are sued in their personal and individual capacity and at all times mentioned in this complaint the defendants acted under the color of state law.

The defendants in this suit are and have been aware of Plaintiff's concerns and medical/mental health issues for some time and have knowingly deprived Plaintiff of proper medical care/a single cell, and have done nothing to even attempt to alleviate Plaintiff's pain and suffering from his inability to urinate in the presence of others, i.e. his cell-mate, and eventual premature kidney failure from his documented stage III kidney disease.

**V. RELIEF:**

Plaintiff respectfully prays that this Honorable Court enter a judgment granting Plaintiff:

An order for preliminary and permanent injunctive relief in the form of a single cell, on the ground floor, with a toilet in the cell, at the Twin Rivers Unit and all Department of Corrections facilities Plaintiff may be housed in in the future,

with no cell-mates allowed to sleep anywhere in the cell including on the floor.

An order precluding DOC from collecting urine samples from Plaintiff for drug testing because of his inability to urinate with others present and due to his 15 years of HSR's for shy bladder protocol.

An order that if samples for drug testing are to be collected, by DOC, that those samples be in the form of blood draws or saliva/spit samples as authorized by DOC policy number 420.380 Attachment 2.

Compensatory damages in an amount to be determined against each defendant.

Punitive damages in the amount of $650,000.00 against each defendant.

A jury trial on all issues triable by jury.

Plaintiff's costs in this suit.

Any other relief this Honorable Court deems just, proper, and equitable.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 15th day of June, 2009.

Bruce Daniel Mulligan
Plaintiff, pro se

LOG I.D. NUMBER 08-21320

STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS

# APPEAL TO LEVEL III
# APELACIÓN AL 3ER NIVEL

| NAME: LAST / NOMBRE: APELLIDO | FIRST / PRIMER NOMBRE | MIDDLE / 2DO NOMBRE | DOC NUMBER / NUMERO DOC | FACILITY/ FACILIDAD | UNIT/CELL / UNIDAD/CELDA |
|---|---|---|---|---|---|
| MULLIGAN | Bruce | | 711208 | TRU | D302 |

| COMMUNITY CORRECTIONS OFFICE / OFICINA DE CORRECCIONES EN LA COMUNIDAD | DATE TYPED / FECHA ESCRITA | REMEDY/REMEDIO | RESOLUTION/RESOLUCION | PENDING/PENDIENTE |
|---|---|---|---|---|
| | 01-14-09 | 08 | 04 | |

PART A – APPEAL TO LEVEL III/PARTE A – APELACIÓN AL 3ER NIVEL

**I WANT TO GRIEVE:** The Level II response says that Dr. Kenney, Linda Curry as well as my provider and other staff reviewed this. I find it very disconcerting that 'today' after receiving my Level II response, I asked Kr. Faulder Colby, my psychologist, if he had reviewed by file in conjunction with this grievance. He told me had NOT. Dr. Colby is the head of psychology here at Monroe and is my attending psychologist and has recommended that I have a singe cell for my paruresis. Paruresis is a mental disorder, not a medical one, and he is the only one who can and should be allowed to make the decision on a single cell and he has already done so by recommending one for me. This should be re-examined by a doctor in the correct field of endeavor, psychology.

**SUGGESTED REMEDY:** Please allow Dr. Colby to make the decision as he should because he is the one who is trained to do so and allow me to be placed in a single cell with no one allowed to sleep on the floor.

[signature] 1-15-09 /S/ Bruce Daniel Mulligan

GRIEVANCE COORDINATOR SIGNATURE / FIRMA DE COORDINADOR DE QUEJAS — DATE / FECHA — GRIEVANT SIGNATURE / FIRMA DE QUEJANTE — DATE / FECHA

PART B – LEVEL III RESPONSE / PARTE B - RESPUESTA 3ER NIVEL

I reviewed your initial grievance as well as all appeals and responses. DOC Chief of Psychiatry, Bruce Gage, M.D., reviewed this grievance and provided this response:

I have reviewed the Level I and Level II grievances. I concur with their conclusions. The case was appropriately considered. While there is little doubt that the medical condition can contribute to social and physical discomfort, it is not of a sort that necessitates a single room. I would also add that paruresis is not universally recognized as a valid diagnosis. For instance, it is not included in the Diagnostic and Statistical Manual-IV-TR, the instrument typically used to make mental health diagnoses. If there are other related conditions that might bear consideration, they should be brought to attention.

OCO DEPUTY SECRETARY/DESIGNEE / SUBSECRETARIO DE LA OCO/DESIGNADO — DATE / FECHA

Bruce Mulligan
#711208-D-4-12-1
Twin Rivers Unit
Monroe Correctional Complex
P.O. Box 888
Monroe WA 98272-0888

UNITED STATES POSTAGE
PITNEY BOWES
$ 02.75⁰
02 1A
0004632846 JUN 17 2009
MAILED FROM ZIP CODE 98272

Clerk of The Court
U.S. District Court
U.S. Courthouse - Lobby Level
700 Stewart Street
Seattle, WA 98101-17