UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE DANIEL MULLIGAN,            )
                                  )
        Plaintiff,             )    CASE NO.    C09-842-RSL-MAT
                                  )
        v.                     )
                                  )
DR. DAVID KENNEY, *et al.*,       )    ORDER RE: PLAINTIFF'S
                                  )    PENDING MOTIONS
        Defendants.            )
_____)

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Currently pending before the Court are plaintiff's motions to amend his complaint, to refund moneys collected in excess of the $350 filing fee, to appoint counsel, and to join new defendants. The Court, having reviewed plaintiff's motions, and the balance of the record, does hereby ORDER as follows:

    (1)    Plaintiff's motion to amend his complaint (Dkt. No. 7) is STRICKEN as unnecessary. Rule 15(a) permits a party to amend a pleading once, as a matter of course, at any time before a responsive pleading is served. Plaintiff's amended complaint was filed well before defendants served any responsive pleading. Accordingly, leave of Court is not required for plaintiff to file his amended complaint.

    (2)    Plaintiff's motion to refund excess payments (Dkt. No. 14) is DENIED. Plaintiff

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 1

asserts in the instant motion that his institution collected, and forwarded to the Court, $169.96 after he had already paid the entire $350 filing fee for this action. Plaintiff asks that the excess funds be returned to him.

The record reflects that plaintiff submitted his original complaint to the Court for filing, he also submitted an application for leave to proceed *in forma pauperis*. (*See* Dkt. No. 1.) On June 29, 2009, the Court issued an Order granting plaintiff leave to proceed with this action *in forma pauperis* and directing his institution to calculate, collect, and forward payments to the Court. (Dkt. No. 4.) Plaintiff thereafter sent to the Court the entire $350 filing fee despite having been granted leave to proceed *in forma pauperis*. That payment was received by the Court on July 9, 2009. Plaintiff contends that on July 14, 2009, his institution collected $169.96 from his prison account and forwarded it to the Court in accordance with the instructions set forth in this Court's Order granting him leave to proceed *in forma pauperis*.

However, a review of plaintiff's payment history for this case reveals that the Court has received only a single payment in this case, the $350 filing fee payment received on July 9, 2009. As this Court's records do not indicate that there has been any overpayment in this case, there are no excess funds to return to plaintiff. If plaintiff believes his prison account was improperly debited, that is an issue which he will have to take up with his institution.

(3) Plaintiff's motion to appoint counsel (Dkt. No. 15) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 2

of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

At this juncture, plaintiff has not demonstrated a likelihood of success on the merits nor has he shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims himself. Accordingly, plaintiff has not demonstrated that this case involves exceptional circumstances that warrant appointment of counsel at the present time.

(4) Plaintiff's motions to join new defendants (Dkt. Nos. 16 and 21) are DENIED. Plaintiff, by way of the instant motions, seeks to add two new defendants to this action. In effect, plaintiff is requesting leave to amend his complaint. A motion to amend a complaint will only be considered if it is accompanied by a proposed amended complaint.

If plaintiff wishes to pursue amendment of his complaint, he may file and serve a motion to amend and submit in conjunction with that motion a proposed amended complaint which clearly identifies each of the intended defendants, the federal constitutional right(s) allegedly violated by the conduct of each defendant, the facts which he believes support each alleged constitutional violation, and the relief being requested.

(5) Plaintiff is reminded that every motion submitted to the Court for consideration must be accompanied by proof that the motion, and all supporting documents, have been served on counsel for the opposing parties. Any future motion which is not accompanied by proof of service will not be considered.

(6) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Robert S. Lasnik.

DATED this 3rd day of November, 2009.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 4