UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE DANIEL MULLIGAN, ) | |
| ) | |
| Plaintiff, ) | CASE NO.  C09-842-RSL-MAT |
| v. ) | |
| ) | ORDER DENYING PLAINTIFF'S |
| DR. DAVID KENNEY, *et al*., ) | MOTION TO PRODUCE MEDICAL |
| ) | RECORDS AT DEFENDANTS' |
| Defendants. ) | EXPENSE |
| _____ ) | |

This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff alleges in his amended complaint that defendants have been deliberately indifferent to his medical needs in violation of the Eighth and Fourteenth Amendments, and have violated the Americans with Disabilities Act, by denying his request to be assigned a single cell in order to accommodate his "shy bladder."  (*See* Dkt. No. 44 at 3.)  This matter is now before the Court on plaintiff's motion to produce medical records at defendants' expense.  (Dkt. No. 62.)  At issue is whether defendants should be required to provide plaintiff with copies of his entire 3,000 page medical file or whether plaintiff should be required to review his medical file, at no cost, at his place of incarceration.

This is the second time the motion has come before the Court.  The first time the Court

ORDER DENYING PLAINTIFF'S MOTION
TO PRODUCE MEDICAL RECORDS
AT DEFENDANTS' EXPENSE - 1

01 considered plaintiff's motion, it concluded that the institutional process which allowed plaintiff
02 to review his medical file in only 30 minute increments every one to two weeks was not
03 adequate to provide plaintiff reasonable access to the documents he claimed to need for
04 purposes of this litigation.  (*See* Dkt. No. 65.)  However, the Court declined at that time to
05 order defendants to produce plaintiff's entire medical file because it appeared as though
06 accommodations could conceivably be made at plaintiff's institution to expedite the review
07 process and eliminate the need to produce the entire file.  (*Id*. at 3.)  Defendants were given
08 two weeks to consider how they wished to proceed and to report back to the Court.  (*Id*. at 4.)

09 　　　　On November 9, 2010, defendants filed a supplemental response to plaintiff's motion to
10 produce his medical records.  (Dkt. No. 66.)  Defendants advised the Court therein that they
11 had elected to allow plaintiff more time to review his records and had made arrangements with
12 plaintiff's institution for him to have a four hour block of time to review his medical records
13 rather than the 30 minutes usually allowed.  (Dkt. No. 66 at 2.)  Defendants further advised
14 the Court that when plaintiff was presented with the option of setting a four hour block of time
15 to review his records, he replied that that was not what he wanted to do and that he was waiting
16 for a response back from the Court.  (*See id*. and Ex. 2 at 2.)

17 　　　　On November 16, 2010, plaintiff filed a supplemental reply brief in support of his
18 request for production of his medical records.  (Dkt. No. 67.)  Plaintiff argues therein that the
19 four hour block of time offered by defendants is not satisfactory because it still does not provide
20 him enough time to read, and take notes on, 3,000 pages of medical records.  (*Id*. at 2.)  He
21 further argues that he will need copies of the files to use as exhibits and that his handwritten
22 notes of his medical records will not suffice.  (*Id*. at 3.)  Finally, plaintiff argues that he is

ORDER DENYING PLAINTIFF'S MOTION
TO PRODUCE MEDICAL RECORDS
AT DEFENDANTS' EXPENSE - 2

currently engaged in a process of trying to find a medical doctor who is a specialist in Nephrology and that a doctor will require a complete copy of his medical records in order to assist him. (Dkt. No. 67 at 3.)

The Court, having reviewed the most recent submissions of the parties, is not persuaded that defendants should be required to produce plaintiff's entire medical file at their own expense. Defendants have made an effort to accommodate plaintiff's need for more time to review his medical file and plaintiff has flatly rejected that effort. While plaintiff claims that the four hour block of time offered by defendants is not sufficient to read and take notes on all 3,000 pages of his medical file, it would provide plaintiff with a substantial opportunity to identify, and request copies of, documents he deems relevant to this litigation.

Moreover, it appears from the record that plaintiff has already received copies of a significant number of pages of his medical file. Defendants note that they have produced approximately 100 pages of plaintiff's medical records in response to earlier discovery requests. (Dkt. No. 66 at 2.) Additionally, defendants note that plaintiff reviewed his medical file on two occasions in 2009, and again on September 2, 2010, and has made copies of approximately 55 pages of his file. (*Id*. at 2 and Ex. 2 at 2.) In light of the progress plaintiff has apparently already made in reviewing his file, and in light of the fact that copies of a substantial number of pages of the file have already been provided to plaintiff, the accommodation offered by defendants appears reasonable.

Accordingly, the Court does hereby ORDER as follows:

(1) Plaintiff's motion to produce his medical record at defendant's expense (Dkt. No. 62) is DENIED; and

ORDER DENYING PLAINTIFF'S MOTION
TO PRODUCE MEDICAL RECORDS
AT DEFENDANTS' EXPENSE - 3

01       (2)    The Clerk is directed to send copies of this Order to plaintiff, to counsel for

02 defendants, and to the Honorable Robert S. Lasnik.

03       DATED this 22nd day of December, 2010.

 

                                          Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO PRODUCE MEDICAL RECORDS
AT DEFENDANTS' EXPENSE - 4